COMMONWEALTH *vs.* NATIONAL MATTRESS CO.

Suffolk.    January 8, 1930. — January 28, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*False Label or Marking.   Mattress.*

At the hearing, after waiver by the defendant of a trial by jury, of a
complaint for manufacturing a mattress not marked or labelled as
required by G. L. c. 94, § 270, as amended by St. 1928, c. 307, § 2,
it appeared that the defendant manufactured and sold mattresses,
labelled "manufactured of new material," which had been filled with
materials containing "garnetted clippings" which were small parts of
cloth left from bolts or rolls of cloth after patterns had been cut there-
from by manufacturers of clothing.  The defendant was found guilty.
*Held,* that the judge was justified in reaching the conclusion that the
material constituting the filling of the mattress had been previously
used for another purpose within the meaning of the statute and in
finding the defendant guilty.

COMPLAINT, received and sworn to in the Municipal Court
of the City of Boston on October 14, 1929, and described in
the opinion.

On appeal to the Superior Court, the defendant waived a
trial by jury and the complaint was heard by *Williams*, J.,
upon an agreed statement of facts.   Material facts are stated
in the opinion.   The defendant was found guilty, and alleged
exceptions.

*J. J. Kaplan*, for the defendant.

*W. H. McDonnell*, Assistant District Attorney, for the
Commonwealth.

SANDERSON, J.   The defendant was complained of for
manufacturing a mattress not marked or labelled as re-
quired by G. L. c. 94, § 270, as amended by St. 1928, c. 307,
§ 2.   The defendant waived its right to a trial by jury, and
the case was heard by a judge upon a statement of agreed
facts from which it appeared that the defendant, a cor-
poration, manufactured and sold mattresses labelled "man-
ufactured of new material," which had been filled with

materials containing "garnetted clippings." These clippings are made in the following manner: Cotton or woolen cloth is woven by cotton or woolen mills, and used in their own mills for the manufacture of clothing and also sold to manufacturers of clothing, the cloth being put up in bolts or rolls. The manufacturers cut from these bolts or rolls the patterns out of which articles of clothing are to be made, leaving small parts of the original cloth, commonly known as "clips." These clips are gathered together and placed in a machine which shreds the material. The shredded material thus produced is called in the trade "garnetted clippings." No previous use of any of the articles was claimed except as herein stated. The agreement recites that the issue presented is whether or not the fact that the shredded material in question had at one time been part of manufactured cloth makes the material "previously used," "previously been used" or "been used before" within the meaning of the statute, and requires the labelling of such material as "second hand."

The defendant excepted to the denial of its motion that the judge rule as a matter of law that it was not guilty upon the agreed facts. The defendant was found guilty and sentenced but the execution of sentence was stayed pending the determination of the exceptions in the Supreme Judicial Court.

G. L. c. 94, § 270, as amended by St. 1928, c. 307, § 2, provides: "No person shall manufacture for purposes of sale, . . . any article of bedding . . . unless there is plainly marked upon each such article, or upon a tag sewed thereon, or otherwise securely attached thereto, a statement in the English language of the kind of material used for filling in the manufacture of such article . . . and, also, if the material has previously been used, the words 'second hand'. . . . If none of the material used for filling . . . shall have been previously used the tag shall in addition bear the words 'manufactured of new material.'" St. 1928, c. 307, § 1, defines "new" as "any material which has not been used as a part or portion of another manufactured article or used for any other purpose," and the words

"previously used," "previously been used" or "been used before," when used with respect to material in the section of the statute now under consideration are defined as "any material which has been used as a part or portion of another manufactured article or used for any other purpose." No objection has been made to the form of the complaint.

The apparent purpose of the part of the statute upon which the complaint is based was to regulate the manufacture and sale of the articles coming within its scope so that a purchaser might be informed when buying such article whether it had been filled with new material or used material. The "clips" had been a portion of a bolt or roll of cloth and this cloth had been put to the use for which it was made by being cut into patterns for articles of clothing. The "clips" had so far been changed by this process that they could no longer be employed for the purpose for which the cloth was manufactured. After their usefulness for clothing had ceased, their character as cloth was changed by being put through the mill and shredded so that they might be used for a purpose to which they were not adaptable as cloth. In our opinion the judge was justified in reaching the conclusion that the material constituting the filling of the mattress had been previously used for another purpose within the meaning of the statute and in finding the defendant guilty.

*Exceptions overruled.*