PEOPLE *v.* DUSHKIN.

1. INDICTMENT AND INFORMATION—APPEAL AND ERROR—DUPLICITY.
    In prosecution for violation of ordinance regulating manufacture
    and sale of mattresses, where first complaint charged defend-
    ant with manufacturing a mattress with secondhand materials
    without sterilizing and without sewing a proper tag and second
    complaint was the same with addition that he had sold the
    mattress within the city and no objection was made for du-
    plicity, case on appeal must be considered on both complaints
    with tag charge stricken from first since the mattress had not
    been sold and tag was unnecessary.

2. MUNICIPAL CORPORATIONS—HOME RULE CITIES—PUBLIC HEALTH—
    REGULATION OF TRADES.
    Home rule cities have power to enact ordinances to preserve the
    public health and regulate trades (1 Comp. Laws 1929, §§ 2230,
    2239).

3. SAME—ORDINANCE—PUBLIC HEALTH—MATTRESSES.
    Ordinance covering sterilization of mattresses and providing for
    licensing of those in the business of sterilizing, renovating or
    storing them *held,* a legitimate, municipal purpose to prevent
    the spread of infectious, contagious or other diseases among
    workers in the factory as well as the public at large.

4. SAME—POLICE POWER—MATTRESSES—STERILIZATION—SALES.
    That all goods manufactured by mattress maker were required to
    be sterilized regardless of where sold *held,* not an unreasonable
    exercise of police power of city because of danger of workmen
    spreading disease and difficulty of enforcement in the tracing
    of individual sales.

5. CONSTITUTIONAL LAW—MATTRESSES—SECONDHAND MATERIAL.
    Definition of ''secondhand material'' in ordinance requiring its
    sterilization when used in manufacturing mattresses which is
    so broad as to include materials which are substantially new in
    some instances *held,* not an unreasonable classification.

Appeal from Recorders Court of Detroit; Maher (Thomas F.), J.  Submitted June 12, 1936.  (Docket No. 115, Calendar No. 39,057.)  Decided September 2, 1936.

M. Dushkin was convicted of violating an ordinance regulating the manufacture and sale of mattresses.  Affirmed.

*William E. Tarsney,* for appellant.

*Raymond J. Kelly,* Corporation Counsel, and *Nathaniel H. Goldstick,* Assistant Corporation Counsel, for the people.

FEAD, J.  Defendant reviews his conviction on two complaints of violation of an ordinance of the city of Detroit.

The ordinance is entitled:

"An ordinance to license and regulate the manufacture, selling, offering for sale, repairing, remaking, sterilizing or renovating of mattresses in the city of Detroit, and to provide a penalty for the violation thereof."

The relevant provisions are:

"SECTION 1.   (c) The term 'secondhand material' means: (1) Any material which has been used in the manufacture of another article or used for any other purpose: (2) Any material made into thread, yarn, fabric, matting padding, or scraps of the same, and subsequently torn, shredded, picked apart, or otherwise disintegrated. * * *

"SEC. 3.   (a) No person within the corporate limits of the city of Detroit, in making or manufacturing a mattress shall use any secondhand material which, since last used or manufactured, shall not have been previously sterilized by a process ap-

proved by the board of health of the city of Detroit. * * *

"SEC. 6. (a) No person shall sell a mattress within the corporate limits of the city of Detroit unless there shall be securely sewed to the outside covering thereof a cloth or cloth-backed tag at least three inches by four inches in size, the body of which shall be white. Upon said tag shall be legibly stamped or printed with ink in English: * * *

"(3) In letters at least one-eighth inch high in black type the words, 'made of new material' if such mattress contains no secondhand material; or in red type at least one-half inch high the words 'made of secondhand material' if such mattress contains any secondhand material; or in red type at least one-half inch high the word 'secondhand' if such mattress has been used but not remade."

There are two complaints. The first charged defendant, in the language of the ordinance, with manufacturing a mattress with secondhand materials and without sterilizing; and with manufacturing a mattress without sewing proper tag thereon. The second complaint contained the same charges, with the addition that defendant had sold the mattress in the city of Detroit.

Defendant manufactures mattresses for sale within the city and for general outside trade. The mattress mentioned in the first complaint was discovered in his factory and had not been sold. Under the ordinance it did not then need a tag. No objection was made to either complaint for duplicity and the case must be considered upon both complaints but with the tag charge stricken from the first.

Defendant claims the ordinance is void in prohibiting, without sterilization, the manufacture of mattresses which are not for sale in the city, because it is not a proper concern of the municipality. As

to the second mattress, defendant contends it was not made of secondhand materials.

There was testimony that the first mattress was filled with jute, produced from burlap bagging and apparently used several times; that the other mattress was filled with "shoddy," which might be old or new but which was apparently old. On the other hand, there was evidence that the filling of the second mattress was known as "smak" and consisted of the waste of clippings from bolts of cloth in the cutting out and manufacturing of clothing and which was shredded by a process which also sterilizes it.

The general power of the city to preserve public health and regulate trades is not denied. It is granted by the home rule act, 1 Comp. Laws 1929, §§ 2230, 2239, and the city charter adopted thereunder.

The ordinance is a health measure, covering the sterilization of mattresses at some length and providing for the licensing of persons engaged in the business of sterilizing, renovating or storing mattresses. It is a legitimate municipal purpose to prevent the spread of infectious, contagious or other diseases among workers in the factory as well as the public at large.

The place of sale of the mattresses has no connection with danger to the workmen manufacturing them, nor does it prevent a workman carrying infection contracted in the factory to the public. Consequently, it is not an unreasonable exercise of the granted or police powers of the city to require sterilization of all goods manufactured. Moreover, such requirement is not unreasonable because of the inability of the officers to trace individual sales.

We think the ordinance in this respect is a valid exercise of municipal power.

The definition of "secondhand material" in the ordinance is not objectionable even though there may be instances of harmless and substantially new material coming within its scope. The council has the power to adopt a reasonable classification which would obviate the necessity of tracing materials to their source and to define as secondhand a class which might be, and frequently is, secondhand. Moreover, shoddy or smak, being a species of waste, may be thrown about on the floor or otherwise and become a source of infection. The definition is not unreasonable.

The only authority in point, cited by counsel, is *Commonwealth* v. *National Mattress Co.,* 270 Mass. 238 (170 N. E. 63), in which the court held that the shredded clippings of the ends of bolts of cotton or wool cloth had been "previously used" and were secondhand.

The evidence justified the conviction, and it is affirmed.

North, C. J., and Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.